OPINION OF THE COURT — by the
Hon. J. CHILD.
I have looked into the papers in this case, referred to the supreme court for its decision, on doubts of the judge of the criminal court.
*231 ít was discretionary with that court, sitting as a re-examining magistrate, to have enquired into the causes of the arrest and detention of the prisoner; and either to have discharged or remanded to custody, as the existence or absence of the evidence of guilt, might determine his own ■judgment.
The arrest appears to have been founded on an affidavit of one Henry Earl, which does not even charge the commission of any act made criminal by our law's, unsupported by other evidence; and I see no regular mittimus to the jailor, authorising the detention of the prisoner.
The bare naked suspicions of two magistrates, on the charge of vagrancy, unsupported by other testimony, ought not to weigh a moment With the court, to deprive a citizen of his liberty, who stands free of other criminal charges. I have been utterly unable to ascertain how a constitutional question nan arise in this case, either directly, incidentally, or collaterally; and should have had no hesitation in discharging the prisoner, if the case was legitimately before the court.
The statute establishing the criminal court, gives to the judge the power of reference on doubt, only in case of the. consent of the accused. In this case, the consent of the accused does not appear of record, and •the cause must, therefore, be remanded to the criminal court, for further •proceedings.
•Cause remanded.